UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1135

CATHERINE W. WEBER,

             Plaintiff - Appellant,

        v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, a subsidiary of
CIGNA Corporation,

             Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.   Norman K. Moon, Senior
District Judge. (6:11-cv-00032-NKM-BWC)

Submitted:  July 30, 2012          Decided:  August 20, 2012

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Edgar Dawson, III, Chad A. Mooney, PETTY, LIVINGSTON, DAWSON
& RICHARDS, PC, Lynchburg, Virginia, for Appellant.   Zoe
Sanders, William C. Wood, Jr., NELSON MULLINS RILEY &
SCARBOROUGH, LLP, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catherine W. Weber sought a declaratory judgment holding that she is entitled to benefits under her deceased husband's life insurance policies. The district court granted Appellee's motion for judgment on the pleadings, and Weber appeals. For the following reasons, we affirm.

We review de novo the district court's grant of a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, applying the same standard we apply to motions to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). We accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of Weber. Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). In order to survive a motion for judgment on the pleadings, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Weber's husband, Carl ("Carl"), was killed in the crash of a personal aircraft on which he was a passenger. Prior to his death, Carl participated through his employment in an insurance plan that included accidental death and dismemberment benefits issued by Life Insurance Company of North America, a

2

subsidiary of CIGNA Corporation ("Appellee"). The policies contain eleven "Common Exclusions" that bar the award of benefits for loss resulting from a number of events, including among others, suicide, skydiving, or driving under the influence. At issue in this case is Common Exclusion 6(a), which bars benefits for loss occurring during "(6) flight in, boarding or alighting from an Aircraft or any craft designed to fly above the Earth's surface (a) except as a passenger on a regularly scheduled commercial airline." The remainder of Common Exclusion 6, subsections (b) through (g), bars coverage for loss occurring during a variety of flight-related activities.

On appeal, Weber challenges the district court's conclusion that Common Exclusion 6 is unambiguous and therefore enforceable. Weber claims that had Common Exclusion 6 ended at subsection 6(a), "any reasonable person would understand and expect that only commercial airline passengers [would] be covered in the event of an accidental death," but that subsections 6(b) through 6(g) are superfluous when read in conjunction with subsection 6(a), and therefore blur the issue of what flight activity is actually excluded from coverage.

The district court rejected this argument, relying upon <u>Provident Life & Accident Insurance Co. v. Anderson</u>, 166 F.2d 492 (4th Cir. 1948), in reaching its conclusion that each

3

provision in the policies must be independently read. As the district court noted, the structure of Common Exclusion 6 is similar to the challenged exclusions upheld in <u>Provident Life</u>.

We conclude that the district court correctly ruled that each of the subsections contained in Common Exclusion 6 details a separate type of risk that is excluded from coverage. Read on its own, Subsection 6(a) bars coverage for accidents caused by or resulting from "flight in, boarding or alighting from an Aircraft or any craft designed to fly above the Earth's surface except as a passenger on a regularly scheduled commercial airline." In addition to this general exclusion, we agree with the district court that Common Exclusions 6(b) through 6(g) articulate additional grounds of exclusion barring coverage for certain activities otherwise arguably not covered by Common Exclusion 6(a). Thus, the subsections of Common Exclusion 6(a) are neither conflicting nor ambiguous. We accordingly conclude that Subsection 6(a) clearly bars coverage for Carl's death.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4